UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
(Richmond Division)

| | |
|---|---|
| In re: | |
| ROOMSTORE, INC., | Chapter 7 |
| | Case No. 11-37790-DOT |
| Debtor. | |
| LYNN L. TAVENNER, Chapter 7 Trustee | |
| Plaintiff, | Adv. Proc. No. 13-03252 |
| v. | |
| K.W. SMITH & SON INC. | |
| Defendant. | |

## ANSWER TO COMPLAINT TO AVOID TRANSFERS, TO RECOVER PROPERTY, AND FOR RELATED RELIEF

Defendant, K.W. Smith & Son, Inc., ("Defendant"), by counsel, for its Answer to the "Complaint to Avoid Transfers, to Recover Property and for Related Relief" ("Complaint") filed against it by Lynn L. Tavenner, the Chapter 7 Trustee for the bankruptcy estate of RoomStore, Inc. Trust (the "Plaintiff"), herein states as follows:

1. Paragraph 1 of the Complaint contains conclusions of law to which no response is needed.

2. Paragraph 2 of the Complaint contains conclusions of law to which no response is needed.

3. Paragraph 3 of the Complaint contains conclusions of law to which no response is needed.

4. Defendant lacks sufficient information to either admit or deny the allegations contained in Paragraph 4 of the Complaint.

5. Paragraph 5 of the Complaint contains conclusions of law to which no response is needed. To the extent that Paragraph 5 can be interpreted to contain any other factual allegations, Defendant lacks sufficient information to either admit or deny, except Defendant admits that it conducts business in the United States and maintained a business relationship with the Debtor.

6. Defendant lacks sufficient information to either admit or deny the allegations contained in Paragraph 6 of the Complaint.

7. Defendant lacks sufficient information to either admit or deny the allegations contained in Paragraph 7 of the Complaint.

8. Defendant lacks sufficient information to either admit or deny the allegations contained in Paragraph 8 of the Complaint.

9. Defendant lacks sufficient information to either admit or deny the allegations contained in Paragraph 9 of the Complaint.

10. With respect to Paragraph 10 of the Complaint, Defendant repeats and reasserts its responses to each of the allegations contained in the preceding paragraphs as if fully set forth at length herein.

11. Defendant lacks sufficient information to either admit or deny the allegations contained in Paragraph 11 of the Complaint, except the Defendant admits it had a right to payments in the amounts referenced in "Exhibit A" of the Complaint.

12. Defendant lacks sufficient information to either admit or deny the allegations contained in Paragraph 12 of the Complaint, except the Defendant admits it had a right to payments in the amounts referenced in "Exhibit A" of the Complaint.

13. Defendant lacks sufficient information to either admit or deny the allegations contained in Paragraph 13 of the Complaint.

14. Paragraph 14 of the Complaint contains conclusions of law to which no response is needed. To the extent that Paragraph 14 can be interpreted to contain any factual allegations, Defendant lacks sufficient information to either admit or deny.

15. Defendant lacks sufficient information to either admit or deny the allegations contained in Paragraph 15 of the Complaint, except the Defendant admits it had a right to payment.

16. Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17. With respect to Paragraph 17 of the Complaint, Defendant repeats and reasserts its responses to each of the allegations contained in the preceding paragraphs as if fully set forth at length herein.

18. Defendant lacks sufficient information to either admit or deny the allegations contained in Paragraph 18 of the Complaint, except the Defendant admits it had a right to payment.

19. Defendant denies the allegations contained in Paragraph 19 of the Complaint that Defendant is liable for any amount under 11 U.S.C. § 502(d).

20. Defendant denies the allegations contained in Paragraph 20 of the Complaint that Defendant is liable for any amount under 11 U.S.C. § 502(d).

21. Defendant denies that Plaintiff is entitled to any of the damages or relief it seeks in the Complaint or to any other damages or relief. Defendant further denies all allegations of the Complaint not expressly admitted above, including without limitation, all allegations set forth in unnumbered Paragraphs and any allegations set forth in any exhibits or other attachments to the Complaint.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action upon which relief could be granted and, as such, should be dismissed.

### SECOND AFFIRMATIVE DEFENSE

While maintaining that it is not legally liable, Defendant asserts as an affirmative defense that to the extent that any pre-petition transfers at issue are held by this Court to meet the requirements of 11 U.S.C. § 547(b), all such transfers may nevertheless not be avoided as preferences pursuant to 11 U.S.C. § 547(c)(1).

### THIRD AFFIRMATIVE DEFENSE

While maintaining that it is not legally liable, Defendant asserts as an affirmative defense that to the extent that any pre-petition transfers at issue are held by this Court to meet the requirements of 11 U.S.C. § 547(b), all such transfers may nevertheless not be avoided as preferences pursuant to 11 U.S.C. § 547(c)(2).

## FOURTH AFFIRMATIVE DEFENSE

While maintaining that it is not legally liable, Defendant asserts as an affirmative defense that to the extent of any pre-petition transfers at issue are held by this Court to meet the requirements of 11 U.S.C. § 547(b), all such transfers may nevertheless <u>not</u> be avoided as preferences pursuant to 11 U.S.C. § 547(c)(4).

## FIFTH AFFIRMATIVE DEFENSE

While maintaining that it is not legally liable, Defendant asserts an affirmative defense that Plaintiff's claims are in whole or in part barred by applicable statutes of limitation. <u>See</u> 11 U.S.C. § 546(a).

## SIXTH AFFIRMATIVE DEFENSE

While maintaining that it is not legally liable, Defendant asserts an affirmative defense that Plaintiff lacks the capacity to initiate and prosecute this pending action.

## SEVENTH AFFIRMATIVE DEFENSE

The Complaint is barred to the extent that Defendant received any payments pursuant to any critical trade vendor order or other similar order permitting post-petition payment for pre-petition goods or services.

## EIGHTH AFFIRMATIVE DEFENSE

The Complaint may be barred pursuant to the provisions of 11 U.S.C. § 502(d).

## NINTH AFFIRMATIVE DEFENSE

The relief requested in the Complaint should be denied in whole or part to the extent the transfers in question are subject to the doctrine of setoff.

## TENTH AFFIRMATIVE DEFENSE

The relief requested in the Complaint should be denied in whole or part to the extent the transfers in question are subject to the doctrine of recoupment.

## ELEVENTH AFFIRMATIVE DEFENSE

The relief requested in the Complaint should be denied in whole or part to the extent the transfers in question are subject to the doctrine of judicial estoppel.

## TWELFTH AFFIRMATIVE DEFENSE

The relief requested in the Complaint should be denied in whole or part to the extent the transfers in question are subject to the doctrine of equitable estoppel.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to raise additional federal and state law defenses and to amend and/or to supplement those asserted herein upon further analysis and discovery of information regarding the Complaint.

WHEREFORE, having fully answered, Defendant moves this Court to dismiss the Complaint with prejudice with all costs assessed to the Plaintiff and or such other further relief to which it may be entitled.


Harrisonburg, Virginia

February 18, 2014

K.W. SMITH & SON INC.
By Counsel

/s/ Stephan W. Milo

Stephan W. Milo, Esquire (VA Bar No. 42156)
James L. Johnson, Esquire (VA Bar No. 68279)
WHARTON, ALDHIZER & WEAVER, PLC
The American Hotel
125 South Augusta Street, Suite 2000
Staunton, Virginia 24401
Telephone: (540) 213-7440
Facsimile: (540) 213-0390

## Certificate of Service

I, the undersigned, declare that I am over the age of eighteen (18) years and not a party to the within cause; that I am employed in the City of Harrisonburg and my business address is 100 South Mason Street, Harrisonburg, Virginia, 22801.

I hereby certify that on this 18th day of February, 2014 a copy of the foregoing Answer to Complaint to Avoid Transfers, to Recover Property and for Related Relief was mailed, postage pre-paid to:

>Bradford F. Englander
>Justin P. Fasano
>WHITEFORD, TAYLOR & PRESTON L.L.P.
>3190 Fairview Park Drive, Suite 300
>Falls Church, Virginia 22042

>/s/ Kendra K. Richman
>Kendra K. Richman

14000514